This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41492**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**KERRY BEGAY a/k/a**
**KERRY BEGAY, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** A jury convicted Defendant of battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971). [RP 190, 201] On appeal, Defendant contends the district court erred in denying his request that a self-defense instruction be given to the jury. For the reasons that follow, we are unpersuaded. We therefore affirm.

**{3}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties and the parties are familiar with the relevant particulars, we omit a background section and proceed directly to the legal challenges raised on appeal. Where appropriate, we reference the factual and procedural history in our analysis.

## DISCUSSION

**{4}** Defendant contends he was entitled to an instruction on self-defense. Specifically, Defendant argues the district court committed reversible error by not recognizing that reasonable minds could differ about whether the officer's conduct—quickly and aggressively approaching Defendant and raising his hand to Defendant—could constitute excessive force. [BIC 8, 15] We disagree.

**{5}** The district court's rejection of Defendant's requested jury instructions is reviewed de novo, "because it is closer to a determination of law than a determination of fact." *State v. Ellis*, 2008-NMSC-032, ¶ 14, 144 N.M. 253, 186 P.3d 245 (internal quotation marks and citation omitted). "[A] person has only a qualified right to assert self-defense against a police officer" and is therefore "entitle[d] to assert self-defense only when the officer is using excessive force." *Id.* ¶¶ 15-16 (emphasis omitted); *see* UJI 14-5185 NMRA (providing that "[a] defendant has the right to defend [themselves] against an officer only if the officer used excessive force" and defining excessive force as "greater force than reasonable and necessary"). "The burden is on the defendant to persuade the [district] court that reasonable minds could differ on whether the officer's use of force was excessive." UJI 14-5185 comm. cmt.; *Ellis*, 2008-NMSC-032, ¶ 34. "Police officers act with excessive force when they use more force than is necessary to effect an arrest, as viewed objectively from a reasonable officer's perspective." *State v. Lymon*, 2021-NMSC-021, ¶ 32, 488 P.3d 610 (internal quotation marks and citation omitted). A court may determine the reasonableness of the actions of an officer, as a matter of law, "when the minds of reasonable jurors could not differ under the circumstances as they appear to the officer at the time." *Ellis*, 2008-NMSC-032, ¶ 17 (alterations, internal quotation marks, and citation omitted). In other words, if the district court "concludes that reasonable minds could not find that the officer used excessive force, the matter ends there, and the [district] court should not instruct the jury on the elements of self-defense." *Id.*

**{6}** Defendant argues that he was entitled to a self-defense instruction because he presented evidence that the officer in this case acted with excessive force. Even if we were to accept the premise that the officer used force against Defendant, the evidence that Defendant points to does not allow reasonable minds to differ as to whether the force used was excessive.

**{7}** The officer's interactions with Defendant occurred near, and just after, a disturbance involving another inmate. The officer gave Defendant verbal directives, including giving Defendant the choice between submitting to a search or being forcibly detained in a manner similar to the individual who had caused the disturbance. Defendant responded by asking the officer, "You want some of this?" and punching the officer. [BIC 1-4] According to Defendant's testimony, the officer had walked toward him quickly and aggressively, waving his arms and putting his hand in Defendant's face. Defendant testified that the officer threatened to use military training on Defendant to severely injure Defendant if Defendant failed to cooperate with the search. Defendant testified that the officer startled Defendant by putting his hand in Defendant's face. Defendant claims he punched the officer in self-defense because he felt threatened. [BIC 4-5; RP 179] The State presented testimony from the officer that protocol requires that inmates be subject to pat-down searches before returning to their cell, that officers are required to give three directives to inmates who do not submit to a search, and that if the inmate does not comply the officer has discretion to use force. [BIC 6]

**{8}** Even assuming the officer's approach, gestures, and words constituted "force" as contemplated by our self-defense jurisprudence, Defendant presented no evidence indicating that the officer's use of force was excessive under the circumstances. Moreover, the only evidence that the application of actual physical force occurred indicates it originated from Defendant himself when he punched the officer. Based on our review of the record, the evidence that Defendant points to does not allow reasonable minds to differ as to whether the officer's actions are objectively reasonable. *See id.* ¶ 26.

**{9}** In *Ellis*, an officer's decision to twice draw his weapon during an encounter with the defendant was deemed reasonable under the facts and circumstances of the case. *Id.* ¶ 41. There, the defendant was stopped for a seatbelt violation and refused to sign the citation, repeatedly disobeyed law enforcement's commands, threatened the officer, actively resisted law enforcement's attempts to regain control of the situation, and disregarded law enforcement's authority. *Id.* ¶ 40. Asked to consider whether the law enforcement officer used excessive force in drawing his weapon during the encounter, the *Ellis* court concluded that "reasonable minds could not differ and that [the law enforcement officer] used only reasonable and necessary force to protect himself given the tense, uncertain, and rapidly evolving circumstances with which he was faced." *Id.* ¶ 41. As such, the Court concluded, as a matter of law, that the amount of force used was reasonably necessary given the circumstances and the defendant was therefore not entitled to a self-defense instruction. *Id.*

**{10}** When compared to the conduct scrutinized in *Ellis*, the officer's actions here were equally—if not more—reasonable under the circumstances. The officer approached Defendant quickly and with authority while an active disturbance was happening nearby, directed Defendant to comply with a search, and was met with Defendant's noncompliance. Defendant, meanwhile, responded by asking, "You want a piece of this?" and punching the officer. Under the circumstances, we conclude that reasonable minds could not differ that the officer in this case used an amount of force that was

reasonably necessary, "given the tense, uncertain, and rapidly evolving circumstances with which he was faced." *Id.* Accordingly, Defendant was not entitled to a self-defense instruction, and the district court's determination that the officer did not use excessive force against Defendant did not amount to reversible error. *See id.* ¶ 17 (stating that if the district court "concludes that reasonable minds could not find that the officer used excessive force, the matter ends there" and the jury should not be instructed on the elements of self-defense).

**{11}** Insofar as Defendant asserts the district court committed reversible error by making a "factual finding" that the officer did not use excessive force instead of addressing "whether reasonable minds could differ on the question of excessive force," Defendant seeks to create a distinction without a difference. [BIC 14] Like in *Ellis*, the district court here was entitled to determine, as a matter of law, that the officer used an amount of force that was reasonably necessary, rather than excessive, and that Defendant was therefore not entitled to a self-defense instruction. *See id.* ¶ 41; *see also* UJI 41-5185 (providing a defendant has the right to defend themselves against an officer "only if the officer used excessive force).

**{12}** For the foregoing reasons, we reject Defendant's challenge to the denial of his requested self-defense jury instruction and affirm Defendant's conviction.

**{13}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**